## N. Y. SUPERIOR COURT.

ELIZABETH DUSENBURY *et al.* agt. BENJAMIN LEHMNIER
*et al.*

In an action to set aside a mortgage sale upon the ground of fraud in the
manner of making the sale, a *demurrer* to the complaint, interposed upon
the ground that the complaint contains no allegation that the plaintiffs
tendered back the money realized upon the foreclosure sale, cannot
be sustained.

*Special Term, February,* 1873.

VAN BRUNT, *J.*—This is an action to set aside a mortgage
sale upon the ground of fraud in the manner of making the
sale.

A demurrer to the complaint has been interposed, based
upon the ground that the complaint contains no allegation
that the plaintiffs tendered back the money realized upon the
foreclosure sale.

The complaint contains an offer, upon the part of the
plaintiffs, to return all the money realized upon the sale, with
interest.

The defendants, in support of the demurrer, have cited
numerous cases to show that, before an action can be main-
tained to rescind a contract, it is necessary that the plain-
iffs should return, or offer to return, all that has been
ʒived under the contract.

ρon an examination being made of those cases, it will be
1 that they are all actions at law brought as though the
ςct had been rescinded, and they all say that a party
unɔ proceed as though the contract has been rescinded
ʒ has returned, or offered to return, all that has been

Dusenbury agt. Lehmnier.

received under the contract, and that that tender must be kept good at the trial.

It is necessary that such a rule should be adopted in actions at law, because, otherwise, the party suing could retain all that he had received under the contract, and recover as though the contract had never existed, and the court would be powerless to compel, by its judgment, restitution.

But in an action in equity the rule is very different. The court has full power to compel all parties to do equity, and can, by its judgment or decree, protect the rights of all.

It is urged, in support of the demurrer, that the plaintiffs have not been able to show any authority to support the position which they seek to maintain. This may be because the principle has been considered so well settled that no one has ever before raised the question; and that this is the true reason why such authorities cannot be found, is evidenced by the fact that, although the defendants have cited many authorities to show that tender must be made before suit brought, they are all cases, as I have before said, of actions at law, and they have been entirely unable to find a single case in equity where any such principle has ever been hinted at, much less decided.

The demurrer must be overruled, with costs. Defendants to be at liberty to withdraw demurrer and answer in twenty days.